## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN, INC., a Delaware corporation, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MCAFEE, INC., a Delaware corporation, ) | **DEMAND FOR JURY TRIAL** |
| SYMANTEC CORP., a Delaware ) | |
| corporation, WEBROOT SOFTWARE, ) | |
| INC., a Delaware corporation, WEBSENSE ) | |
| INC., a Delaware corporation and ) | |
| SOPHOS, INC., a Massachusetts ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Finjan, Inc. ("Finjan") files this Complaint for Patent Infringement and Jury

Demand against Defendants McAfee, Inc. ("McAfee"), Symantec Corp. ("Symantec"), Webroot,

Inc. ("Webroot"), Websense, Inc. ("Websense"), and Sophos, Inc. ("Sophos"), (collectively

"Defendants") and alleges as follows:

## THE PARTIES

1.     Finjan is a corporation organized and existing under the laws of Delaware, with

its principal place of business at 1313 N. Market Street, Suite 5100, Wilmington, DE 19801.

2.     On information and belief, McAfee is a corporation organized and existing under

the laws of Delaware, with its corporate headquarters at 3965 Freedom Circle, Santa Clara,

California 95054.

3.      On information and belief, Symantec is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 350 Ellis Street, Mountain View, California 94043.

4.      On information and belief, Webroot is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 2560 55th Street, Boulder, Colorado 80301.

5.      On information and belief, Websense is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 10240 Sorrento Valley Road, San Diego, California 92121.

6.      On information and belief, Sophos is a corporation organized and existing under the laws of Massachusetts, with its corporate headquarters at 3 Van de Graaff Drive, 2nd Floor, Burlington, Massachusetts 01803.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 and 1338.

8.      Venue in this judicial district is proper under 28 U.S.C. § 1391 (b) and (c) and/or 28 U.S.C. § 1400(b).  Personal jurisdiction over Defendants comports with the United States Constitution because, on information and belief, Defendants conduct continuous and systematic business in this district and have infringed, contributorily infringed and/or induced the infringement of United States Patent Nos. 6,092,194 and 6,480,962 in this district, and continue to do so.  Further, McAfee, Symantec, Webroot and Websense are Delaware corporations.

## PLAINTIFF'S PATENTS-IN-SUIT

9.     On July 18, 2000, United States Patent No. 6,092,194 (the "'194 Patent"), entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES, was issued to Shlomo Touboul.  A true and correct copy of the '194 Patent is attached to this Complaint as Exhibit A and is incorporated by reference herein.

10.    All rights, title, and interest in the '194 Patent have been assigned to Finjan, which is the sole owner of the '194 Patent.

11.    The '194 Patent is generally directed to a system and method for protecting networks and computers from hostile downloadable executable application programs.

12.    In accordance with 35 U.S.C. § 282, the '194 Patent, and each and every claim thereof, is presumed valid.

13.    On November 12, 2002, United States Patent No. 6,480,962 (the "'962 Patent"), entitled, SYSTEM AND METHOD FOR PROTECTING A CLIENT DURING RUNTIME FROM HOSTILE DOWNLOADABLES, was issued to Shlomo Touboul.  A true and correct copy of the '962 Patent is attached to this Complaint as Exhibit B and is incorporated by reference herein.

14.    All rights, title, and interest in the '962 Patent have been assigned to Finjan, which is the sole owner of the '962 Patent.

15.    The '962 Patent is generally directed to a system and method for protecting a client during runtime from hostile downloadables by monitoring requests made to the operating system.

16.     In accordance with 35 U.S.C. § 282, the '962 Patent, and each and every claim thereof, is presumed valid.

## DEFENDANTS' PATENT INFRINGEMENT

17.     Finjan is informed and believes that McAfee has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '194 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, McAfee's Web Gateway, Email Gateway, Email and Web Security Appliance, Blade Server Content Security, Email Security as a Service, and Web Protection Security as a Service.

18.     Finjan is informed and believes that McAfee has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '962 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, McAfee VirusScan Plus, McAfee Internet Security, McAfee Total Protection, McAfee VirusScan, McAfee VirusScan with McAfee AntiSpyware Enterprise, McAfee GroupShield for Domino, McAfee GroupShield for Exchange, McAfee Host Intrusion Prevention, McAfee LinuxShield, McAfee Security for Lotus Domino Linux, McAfee Security for Macintosh and McAfee VirusScan Macintosh.

19.     Finjan is informed and believes that Symantec has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the

infringement of the '194 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Symantec's Brightmail Gateway.

20.     Finjan is informed and believes that Symantec has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '962 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Symantec's Norton 360, Norton Internet Security, Norton AntiVirus, Endpoint Protection, Endpoint Protection Small Business Edition, Symantec AntiVirus and Symantec AntiVirus Corporate Edition.

21.     Finjan is informed and believes that Webroot has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '194 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Webroot's Web Secuity Software as a Service and Email Security Software as a Service.

22.     Finjan is informed and believes that Webroot has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '962 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Webroot's Spy Sweeper, AntiVirus with Spy Sweeper and Internet Security Essentials.

23.     Finjan is informed and believes that Websense has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has

actively and knowingly induced and continues to actively and knowingly induce the infringement of the '194 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Websense's Web Filter, Web Security, and Web Security Gateway.

24.    Finjan is informed and believes that Sophos has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '194 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Sophos' Web Security and Control Web Appliance and Email Security and Control Email Appliance.

25.    Finjan is informed and believes that Sophos has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '962 Patent by making, using, importing, selling, and/or offering for sale products and services, including but not limited to, Sophos' Endpoint Security and Data Protection product.

## FIRST CAUSE OF ACTION

### (Infringement of the '194 Patent - McAfee)

26.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

27.    Finjan is informed and believes McAfee has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce

infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '194 Patent, all in violation of 35 U.S.C. § 271.

28.     Finjan is informed and believes McAfee's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

29.     McAfee's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

30.     Finjan is informed and believes that as a result of McAfee's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

31.     Finjan is informed and believes that McAfee's infringement of the '194 Patent has been and continues to be willful, deliberate and/or objectively reckless.

32.     Finjan is informed and believes that McAfee's infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Infringement of the '962 Patent - McAfee)

33.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

34.     Finjan is informed and believes McAfee has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '962 Patent, all in violation of 35 U.S.C. § 271.

35.    Finjan is informed and believes McAfee's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

36.    McAfee's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

37.    Finjan is informed and believes that as a result of McAfee's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

38.    Finjan is informed and believes that McAfee's infringement of the '962 Patent has been and continues to be willful, deliberate and/or objectively reckless.

39.    Finjan is informed and believes that McAfee's infringement of the '962 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### (Infringement of the '194 Patent - Symantec)

40.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

41.    Finjan is informed and believes Symantec has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '194 Patent, all in violation of 35 U.S.C. § 271.

42.    Finjan is informed and believes Symantec's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

43.    Symantec's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

44.    Finjan is informed and believes that as a result of Symantec's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

45.    Finjan is informed and believes that Symantec's infringement of the '194 Patent has been and continues to be willful, deliberate and/or objectively reckless.

46.    Finjan is informed and believes that Symantec's infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Infringement of the '962 Patent - Symantec)

47.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

48.    Finjan is informed and believes Symantec has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '962 Patent, all in violation of 35 U.S.C. § 271.

49.    Finjan is informed and believes Symantec's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

50.   Symantec's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

51.   Finjan is informed and believes that as a result of Symantec's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

52.   Finjan is informed and believes that Symantec's infringement of the '962 Patent has been and continues to be willful, deliberate and/or objectively reckless.

53.   Finjan is informed and believes that Symantec's infringement of the '962 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

#### (Infringement of the '194 Patent - Webroot)

54.   Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

55.   Finjan is informed and believes Webroot has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '194 Patent, all in violation of 35 U.S.C. § 271.

56.   Finjan is informed and believes Webroot's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

57.   Webroot's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

58.   Finjan is informed and believes that as a result of Webroot's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

59.   Finjan is informed and believes that Webroot's infringement of the '194 Patent has been and continues to be willful, deliberate and/or objectively reckless.

60.   Finjan is informed and believes that Webroot's infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

### (Infringement of the '962 Patent - Webroot)

61.   Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

62.   Finjan is informed and believes Webroot has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '962 Patent, all in violation of 35 U.S.C. § 271.

63.   Finjan is informed and believes Webroot's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

64.     Webroot's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

65.     Finjan is informed and believes that as a result of Webroot's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

66.     Finjan is informed and believes that Webroot's infringement of the '962 Patent has been and continues to be willful, deliberate and/or objectively reckless.

67.     Finjan is informed and believes that Webroot's infringement of the '962 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (Infringement of the '194 Patent - Websense)

68.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

69.     Finjan is informed and believes Websense has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '194 Patent, all in violation of 35 U.S.C. § 271.

70.     Finjan is informed and believes Websense's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

71.     Websense's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

72.     Finjan is informed and believes that as a result of Websense's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

73.     Finjan is informed and believes that Websense's infringement of the '194 Patent has been and continues to be willful, deliberate and/or objectively reckless.

74.     Finjan is informed and believes that Websense's infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (Infringement of the '194 Patent - Sophos)

75.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

76.     Finjan is informed and believes Sophos has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '194 Patent, all in violation of 35 U.S.C. § 271.

77.     Finjan is informed and believes Sophos' infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

78.     Sophos' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

79.     Finjan is informed and believes that as a result of Sophos' unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

80.     Finjan is informed and believes that Sophos' infringement of the '194 Patent has been and continues to be willful, deliberate and/or objectively reckless.

81.     Finjan is informed and believes that Sophos' infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### (Infringement of the '962 Patent - Sophos)

82.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

83.     Finjan is informed and believes Sophos has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '962 Patent, all in violation of 35 U.S.C. § 271.

84.     Finjan is informed and believes Sophos' infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

85.     Sophos' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

86.     Finjan is informed and believes that as a result of Sophos' unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

87.     Finjan is informed and believes that Sophos' infringement of the '962 Patent has been and continues to be willful, deliberate and/or objectively reckless.

88.     Finjan is informed and believes that Sophos' infringement of the '962 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Finjan prays that the Court grant the following relief and judgment:

A.     A preliminary and permanent injunction against McAfee and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '194 Patent, and/or the '962 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

B.     An award to Finjan of such damages as it shall prove at trial against McAfee that is adequate to fully compensate Finjan for McAfee's infringement of the '194 Patent and/or the '962 Patent, said damages to be no less than a reasonable royalty;

C.     An award to Finjan for McAfee's willful infringement of three times the damages so determined, as provided by 35 U.S.C. § 284, together with postjudgment interest and prejudgment interest from the first date of infringement of the '194 Patent and/or the '962 Patent;

D.     A preliminary and permanent injunction against Symantec and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '194 Patent, and/or the '962 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

E.     An award to Finjan of such damages as it shall prove at trial against Symantec that is adequate to fully compensate Finjan for Symantec's infringement of the '194 Patent and/or the '962 Patent, said damages to be no less than a reasonable royalty;

F.     An award to Finjan for Symantec's willful infringement of three times the damages so determined, as provided by 35 U.S.C. § 284, together with postjudgment interest and prejudgment interest from the first date of infringement of the '194 Patent and/or the '962 Patent;

G.     A preliminary and permanent injunction against Webroot and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '194 Patent, and/or the '962 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

H.     An award to Finjan of such damages as it shall prove at trial against Webroot that is adequate to fully compensate Finjan for Webroot's infringement of the '194 Patent and/or the '962 Patent, said damages to be no less than a reasonable royalty;

I.     An award to Finjan for Webroot's willful infringement of three times the damages so determined, as provided by 35 U.S.C. § 284, together with postjudgment interest and prejudgment interest from the first date of infringement of the '194 Patent and/or the '962 Patent;

J.     A preliminary and permanent injunction against Websense and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from

- 16 -

infringing, contributorily infringing, or inducing the infringement of the '194 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

K.      An award to Finjan of such damages as it shall prove at trial against Websense that is adequate to fully compensate Finjan for Websense's infringement of the '194 Patent, said damages to be no less than a reasonable royalty;

L.      An award to Finjan for Websense's willful infringement of three times the damages so determined, as provided by 35 U.S.C. § 284, together with postjudgment interest and prejudgment interest from the first date of infringement of the '194 Patent;

M.      A preliminary and permanent injunction against Sophos and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '194 Patent, and/or the '962 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

N.      An award to Finjan of such damages as it shall prove at trial against Sophos that is adequate to fully compensate Finjan for Sophos' infringement of the '194 Patent and/or the '962 Patent, said damages to be no less than a reasonable royalty;

O.      An award to Finjan for Sophos' willful infringement of three times the damages so determined, as provided by 35 U.S.C. § 284, together with postjudgment interest and prejudgment interest from the first date of infringement of the '194 Patent and/or the '962 Patent;

P.      A finding that this case is "exceptional" and an award to Finjan of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

Q.      An accounting of all infringing sales and revenues; and

R.      Such further and other relief as the Court and/or jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Finjan hereby demands a trial by jury on all issues triable by a jury.


OF COUNSEL:

Paul J. André
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, California  94065-6109
(650) 590-0700

Dated:  July 12, 2010
974181

POTTER ANDERSON & CORROON LLP

By: _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan, Inc.*