**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FINJAN, INC., a Delaware corporation,      )
                                          )

            Plaintiff,           )

            v.                 )  Civil Action No. 10-593-GMS

MCAFEE, INC., a Delaware corporation,  )

SYMANTEC CORP., a Delaware corporation,  )  **DEMAND FOR JURY TRIAL**

WEBROOT SOFTWARE, INC., a Delaware  )

corporation, WEBSENSE INC., a Delaware  )

corporation and SOPHOS, INC., a  )

Massachusetts corporation,  )

            Defendants.    )

                                          )

                                          )

                                          )

                                          )

## <u>VOIR DIRE</u>

Good morning, ladies and gentleman, I am about to ask you a series of questions that we call voir dire.  The purpose of voir dire examination is:

(a) To enable the court to determine whether any prospective juror should be excused for cause; and

(b) To enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges –that is, challenges for which counsel need not give a reason.

If any of you answer "yes" to any of these questions, I would ask that you stand up and, upon being recognized by me, state your juror number.  At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

- STAFF INTRODUCED

- PANEL SWORN

This case is expected to take 13 days to try.  The schedule that I expect to maintain over those thirteen days will be as follows:

We will normally begin the day at 9:00 AM promptly.  We will go until 1:00 PM, and, after a one hour break for lunch, from 2:00 PM to 4:30 PM.  There will be a fifteen minute break at 11:00 AM and another fifteen minute break at 3:15 PM.  One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation.  On that day, the proceedings may last beyond 4:30 PM.  We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

- **DESCRIPTION OF THE CASE**

    This case is an action for patent infringement arising under the patent laws of the United States.  The plaintiff in this case is Finjan, Inc. (or simply "Finjan").  The defendants in this case are: Symantec Corp. (or simply "Symantec"), Sophos Inc. (or simply "Sophos"), and Websense Inc. (or simply "Websense").

    For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial.  For now, I will simply tell you that Finjan accuses Symantec, Sophos and Websense of patent infringement by making, using, selling, offering for sale or importing certain computer security products.  Finjan seeks damages for such infringement.  Symantec, Sophos, and Websense deny that they infringe and assert that the Finjan patents are invalid and unenforceable.

2. Has any member of the panel heard or read anything about this case?

3. Have you or any member of your immediate family (spouse, child, parent or sibling) ever been employed by the parties—the plaintiff, Finjan, or the Defendants: Symantec, Sophos or Websense?

4. Have you or any member of your immediate family ever owned stock in, had any financial interest in, or had a business relationship of any kind with any of these companies?

5. Have you, or to the best of your knowledge any member of your immediate family or anyone close to you had any experiences, good or bad, with any of these companies that might keep you from being a fair and impartial juror?

6. Do you have any opinions about companies who provide computer security or antivirus products in general or have you had any experiences with such companies that would affect your ability to be a fair and impartial juror?

7. Do you have any opinion or feelings about large corporations generally that might keep you from being a fair and impartial juror?

8. Defendant Symantec manufactures and sells antivirus and computer security products, including products under the Norton and Symantec brand names.  Have your or any member of your immediate family ever licensed or used products sold by Symantec?

9. Defendant Sophos manufactures and sells antivirus and computer security products, including products under the Sophos Web Appliance, PureMessage Exchange, PureMessage Unix, Sophos Email Appliance, Sophos AntiVirus Interface, and Sophos AntiVirus for Windows brand names.  Have your or any member of your immediate family ever licensed or used products sold by Sophos?

10. Defendant Websense manufactures and sells computer security products, including products under the Websense Web Filter, Web Security, Web Security Gateway, Websense Triton, Websense Email Security Gateway, and Websense Data Security Suite brand names.  Have your or any member of your immediate family ever licensed or used products sold by Websense?

11. Finjan, Inc. currently holds or has held equity in the following companies: M86 Security, Trustwave, and Webroot.  Does this fact interfere in any way with your ability to render a fair and impartial verdict?

- **COUNSEL IDENTIFIES ALL POTENTIAL WITNESSES**

12. Does any member of the panel know any of the attorneys involved in the case or to the best of your knowledge, have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

13. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

14. Look around the room at the other potential jury members.  Do you recognize any of the other jurors from any encounter before today?

15. Has any member of the panel or a member of your family ever received or applied for a patent either in the United States?

16. Have you or any member of your immediate family ever been employed by the United States Patent and Trademark Office?

17. Do you have any opinions about the relationship between patents and the public interest or any disagreement with the patent system or patent laws that might keep you from being a fair and impartial juror?

18. Have you or someone close to you had any experience with or opinions about the U.S. Patent and Trademark Office that might affect your ability to be a fair and impartial juror?

19. Do you or any member of your immediate family have specialized knowledge of computer security or antivirus products?

20. Have you or someone close to you ever used computer security or antivirus products?

21. Have any of you ever worked in the fields of computer technology, computer security, data communications, telecommunications, or for any company that sells computer or computer security equipment?

22. Do you or any member of your immediate family work as an Information Technology ("IT") professional or technician?

23. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

24. Have you or anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity such as a plaintiff, defendant, or witness?

25. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

26. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?